**Kim M. HARRIS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 01–3125.

United States Court of Appeals, Federal Circuit.

May 14, 2001.

Before MICHEL, RADER, and BRYSON, Circuit Judges.

DECISION

PER CURIAM.

Kim M. Harris petitions for review of the final decision of the Merit Systems Protection Board in Docket No. AT–0752–00–0251–I–1 dismissing her appeal as untimely filed. We *affirm.*

BACKGROUND

Ms. Harris was employed as an Electrocardiograph Technician at the United States Army Health Clinic at Fort McPherson, Georgia. In a letter dated November 19, 1999, the Army provided final notification to Ms. Harris that she was to be removed from her position effective November 26, 1999. That letter notified Ms. Harris that she could appeal her removal to the Merit Systems Protection Board, but that an appeal "must be filed during the period beginning with the day after the effective date of this action and ending on the 30th day after the effective date." Ms. Harris has acknowledged that she received the final decision notice on November 23, 1999.

On January 3, 2000, Ms. Harris filed an appeal form with the Board challenging her removal. In response to Ms. Harris's appeal form, the administrative judge who was assigned to the case issued an order stating that under Board procedural rules the last day to file a timely appeal was December 27, 1999, and ordering Ms. Harris to file evidence and argument that there was good cause for the delay.

Ms. Harris responded to that order by first stating that she had diligently at-

tempted to contact her union representative, Mr. James Stinchcomb, between November 26, 1999, and December 23, 1999, but that he was traveling and could not be reached. From December 23, 1999, through January 2, 2000, she added, the union offices were closed, preventing her from reaching the union representative. She also argued that the removal notice contained defective notice of her appeal rights, and that her lack of understanding of Board rules and procedures caused her to continue to attempt to locate her union representative rather than file an appeal.

The administrative judge concluded that Ms. Harris had not shown good cause for waiving the filing deadline because she had not exercised due diligence or ordinary prudence in filing her appeal. The judge found that the record did not show that Mr. Stinchcomb had agreed to be her representative for purposes of the appeal or that he had done any work on the appeal, that Ms. Harris should have sought assistance from someone else at the union office if she was unable to reach Mr. Stinchcomb, that Ms. Harris made no attempt to ascertain when Mr. Stinchcomb would return to the office, that Ms. Harris had not left a message for Mr. Stinchcomb, and that nothing in the record indicated that Ms. Harris could not have filed the appeal herself in a timely manner. The administrative judge therefore dismissed the appeal.

Ms. Harris petitioned for review by the full Board, which denied the petition. This appeal followed.

## DISCUSSION

Under Board regulations, Ms. Harris was required to file her appeal within 30 days of the effective date of her removal. 5 C.F.R. § 1201.22(b). In this case, the 30th day fell on December 26, 2000, a Sunday. The last day to file her appeal was therefore Monday, December 27, 2000.

5 C.F.R. § 122.23. Her appeal filed on January 3, 2001, was therefore untimely.

■ Board regulations provide that an untimely appeal will be dismissed unless "a good reason for the delay is shown." 5 C.F.R. § 1201.22(c). The appellant bears the burden of establishing good cause, see *Phillips v. United States Postal Serv.,* 695 F.2d 1389, 1391 (Fed.Cir.1982), and this court will overturn the Board's finding of no good cause only if the petitioner establishes that the Board's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, see *Mendoza v. Merit Sys. Prot. Bd.,* 966 F.2d 650, 653 (Fed.Cir.1992) (en banc).

■ Ms. Harris first argues that the delay should have been excused because she received faulty advice from her union representative and the representative filed the appeal late. Even if Ms. Harris herself acted in good faith in relying on the advice and actions of her representative, however, that would not establish good cause for the delay. See *Rowe v. Merit Sys. Prot. Bd.,* 802 F.2d 434, 437 (Fed.Cir. 1986). Similarly, the inability to obtain representation does not establish good cause. See *DeGraaff v. Dep't of the Navy,* 55 M.S.P.R. 343, 346 (1992). More importantly, the administrative judge specifically examined the factual circumstances here and concluded that Ms. Harris was not diligent when she relied on or attempted to secure union representation, and that finding is supported by substantial evidence.

■ Ms. Harris also argues that she was unaware of the appeal procedures because she gave her packet–presumably the materials received with the final notice of removal–to her union representative. In order to establish good cause on the basis of lack of understanding of Board procedures, the appellant's confusion must relate to a specific ambiguity in either the

instructions received from the Board or in a Board procedure. *See Federico v. Office of Pers. Mgmt.*, 85 M.S.P.R. 345, 347 (2000); *see also Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578 (Fed.Cir.1994) (identifying a specific ambiguity as the basis of good cause). Here, the notice that was sent to Ms. Harris recited the deadline for filing an appeal, and Ms. Harris has not identified any specific ambiguity in the notice that caused her to miss the deadline. Rather, she seems to suggest that she was confused because she did not read the material provided to her. Under these facts, it was not an abuse of discretion for the administrative judge to conclude that she was not diligent and thus failed to show good cause for the untimely filing.

Ms. Harris makes other arguments in her brief to this court that relate to the merits of her removal. Whether a claim is meritorious is a separate issue from whether good cause exists to excuse an untimely appeal. It is only the latter question that is before us, and on that issue we uphold the decision of the Board.