NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES J. STANLEY,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3195

---

Petition for review of the Merit Systems Protection Board in case no. SF0752100806-I-1.

---

Decided: January 17, 2012

---

JAMES J. STANLEY, of San Bernardino, California, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LOURIE, DYK, and PROST, *Circuit Judges.*

PER CURIAM.

James J. Stanley appeals the decision of the Merit Systems Protection Board ("Board") dismissing his petition for review as untimely. For the reasons set forth below, we *affirm*.

## I. BACKGROUND

On June 29, 2010, Mr. Stanley filed an appeal with the Board from the Department of Veterans Affairs employment action removing him from his position of Materials Handler. The administrative judge affirmed the agency's decision to remove Mr. Stanley in an initial decision on October 22, 2010. *Stanley v. Dep't of Vet. Affairs*, SF0752100806-I-1 (M.S.P.B. Oct. 22, 2010) ("*Initial Decision*").

On October 22, 2010, the Initial Decision was sent to Mr. Stanley by U.S. Mail and to his representative, Phillip Haynes, by electronic mail. In the Initial Decision, the administrative judge stated that the decision "would become final on *November 26, 2010,* unless a petition for review is filed by that date or the Board reopens the case on its own motion." *Initial Decision* 12.

Mr. Stanley did not file a petition for review until December 1, 2010. On June 16, 2011, the Board issued a final non-precedential order dismissing Mr. Stanley's petition for review as untimely filed with no showing of good cause for the delay. *Stanley v. Dep't of Vet. Affairs*, SF0752100806-I-1 (M.S.P.B. June 16, 2011). In its decision, the Board noted that the certificate of service showed that Mr. Haynes was served electronically on October 22, 2010. Under the Board's regulations, docu-

ments served electronically are presumed to have been received on the day of electronic submission. 5 C.F.R. § 1201.14(m)(2). Accordingly, the Board found that Mr. Haynes received the Initial Decision on October 22, 2010. Because service on a party's representative—here, Mr. Haynes—is imputed to the party, the Board concluded that Mr. Stanley also received the Initial Decision on October 22, 2010. The Board further found that Mr. Stanley had not shown good cause for missing the filing deadline and dismissed his petition for review as untimely. Mr. Stanley has appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

This court's review of a decision of the Board is limited by statute. 5 U.S.C. §7703(c); *O'Neill v. Office of Pers. Mgm't*, 76 F.3d 363, 364-65 (Fed. Cir. 1996). We may reverse a decision of the Board only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

On appeal, Mr. Stanley does not, in his opening brief, address the Board's dismissal of his petition for review as untimely but rather reargues the merits of his underlying adverse employment action claim. The only issue before this court, however, is whether the Board abused its discretion in declining to waive its regulatory time limit for filing a petition for review. In his memorandum in lieu of oral argument, Mr. Stanley argued that Mr. Haynes had represented to him that his petition for review was timely filed an that he was unaware that Mr.

Haynes had not filed his petition for review by the deadline.

The Board will waive its time limit for filing a petition for review only upon a showing of good cause. 5 C.F.R. § 1201.114(f). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). Here, the Board found that Mr. Stanley's appeal was untimely and that he had not demonstrated good cause for missing the filing deadline. Although Mr. Stanley may have relied on the statements of his representative who untimely filed his petition for review, such reliance is not a basis upon which to establish good cause for his delay in filing. *See, e.g., Harris v. Merit Sys. Prot. Bd.*, 10 F. App'x 918, 920 (Fed. Cir. 2001). Based on the deference we afford to the Board, we see no reason to reverse the Board's decision. Consequently, the decision of the Board is affirmed.

COSTS

Each party shall bear its own costs.

**AFFIRMED**